UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | | |
|---|---|---|---|
| **UNITED STATES OF AMERICA,** | } | | |
| | } | | |
| **v.** | } | Case No.: | **2:11-CR-74-RDP-HNJ** |
| | } | | **2:11-CR-252-AKK-JHE** |
| **ARTHUR TERRELL WILLIAMS,** | } | | |
| | } | | |
| **Defendant.** | } | | |

## MEMORANDUM OPINION AND ORDER

This case is before the court on Defendant Arthur Terrell Williams's § 3585(b) Motion for Credit Spent in State Custody. (Doc. # 137, 63 respectively). The United States has responded to the Motion. (Doc. # 139, 64 respectively). After careful consideration, the court concludes that Williams's Motions (Doc. # 137, 63 respectively) are due to be denied.

**I.    Background**

On September 26, 2008, Williams was charged with Unlawful Possession of a Controlled Substance in Jefferson County, Alabama. (Doc. # 139 at 1; DC 2008-9908). Williams plead guilty and was sentenced to a term of suspended confinement for 1 year and 1 day and also placed on 2 years of unsupervised probation. (Doc. # 139 at 1).

In 2010, Williams committed two separate armed robberies. The first occurred in March 2010 at a Wachovia Bank in Adamsville, Alabama, when he forcibly robbed the tellers while brandishing a firearm. The second occurred May 2010, when he robbed an armored car driver at gunpoint and stole cash and checks from the driver. (2:11-CR-0074-RDP, Doc. # 107). On June 8, 2010, Williams's probation was revoked in DC 2008-9908 and he was ordered to serve his 1 year and 1 day sentence in state custody. (Doc. # 139 at 2). Williams was released on the state revocation sentence on December 17, 2010. (*Id.*).

In March 2011, a federal grand jury indicted Williams for the May 2010 Hobbs Act robbery and for using a firearm during the commission of the May robbery. (2:11-CR-0074-RDP). In July 2011, a federal grand jury indicted Williams for the March 2010 bank robbery and for using a firearm during the commission of that robbery. (2:11-CR-0252-AKK). Williams pleaded guilty to offenses related to both of these robberies and to both counts of using a firearm during the commission of those robberies. (2:11-CR-0074-RDP, Doc. # 107; 2:11-CR-0252-AKK, Doc. # 51).

On October 20, 2011, in relation to the March 2010 robbery, Williams was sentenced to be imprisoned for a term of one hundred five (105) months. That sentence consisted of a term of thirty (30) months as to Counts 1 (bank robbery) and Count 3 (felon in possession), to be served concurrently with each other, and a term of seventy-five (75) months as to the § 924(c)(1)(A) charge, to be served consecutively. (Doc. # 83).

Also on October 20, 2011, in relation to the May 2010 robbery, Williams was sentenced to be imprisoned for a term of one hundred five (105) months. That sentence consisted of a term of thirty (30) months as to Count 1 (bank robbery), to be served concurrently with the thirty-month sentence for the March 2010 robbery, and a term of seventy-five (75) months as to the § 924(c)(1)(A) charge, to be served consecutively. (Case No. 2:11-CR-0252-AKK, Doc. # 37). Williams is currently scheduled for release on December 2, 2023.

Williams now moves the court under 18 U.S.C. § 3585(b) to adjust his sentence to account for his time served in state prison on the state probation revocation sentence. (Doc. # 137 at 2).

**II.     Analysis**

Although the title of Williams's Motion purports to seek relief under § 3585(b), the crux of Williams's argument is that his sentence should be adjusted under U.S. Sentencing Guidelines

Manual ("U.S.S.G.") § 5G1.3(b). (Doc. # 137). Specifically, Williams argues that his sentence should be adjusted to consider the time served on his probation revocation charge. (*Id.*). The Government opposes the motion and argues that an adjustment is improper because the charge for which he served time in state custody -- Unlawful Possession of a Controlled Substance -- is unrelated to conduct that provided the basis for his federal sentence. (Doc. # 139 at 2). The court agrees.

Section 5G1.3(b) only applies "when a term of imprisonment resulted from another offense that is relevant conduct in the instant offense." Section 1B1.3(a) of the Guidelines defines "relevant conduct to the instant offense" as (1) "all acts and omissions committed, aided, abetted, counseled, commanded, induced, procured, or willfully caused by the defendant . . . that occurred during the commission of the offense of conviction, in preparation for that offense, or in the course of attempting to avoid detection or responsibility for that offense"; (2) "acts and omissions . . . that were part of the same course of conduct or common scheme or plan as the offense of conviction"; and (3) "all harm that resulted from the acts and omissions specified in subsections (a)(1) and (a)(2) above, and all harm that was the object of such acts and omissions."

Here, § 5G1.3(b) does not apply because the conduct underlying Williams's 2008 Unlawful Possession charge is not relevant to either robbery he committed in 2010. Accordingly, Williams is not due any adjustment to his federal sentence.

To the extent that Williams argues that he is entitled to custody credit under § 3585(b) for time he served in state prison, the Eleventh Circuit has found that "prisoners may seek judicial review of the [time-served] calculation only after exhausting administrative remedies." *United States v. Alexander*, 609 F.3d 1250, 1259-60 (11th Cir. 2010) ("[E]xhaustion of administrative remedies is a jurisdictional prerequisite to any action challenging the calculation of time-served

credit."). That is, to seek credit for time served, a prisoner must first use the Federal Bureau of Prisons' ("BOP") formal process for filing a complaint. *See United States v. Lucas*, 898 F.2d 1554, 1556 (11th Cir. 1990) (per curiam) (citing 28 C.F.R. §§ 542.10-.16). Because there is no evidence indicating that Williams exhausted his administrative remedies before filing the Motion (Doc. # 137) with the court, the court lacks jurisdiction to consider the Motion. *See United States v. Coates*, 775 F. App'x 669, 671 (11th Cir. 2019) (concluding that the district court lacked jurisdiction to consider the defendant's 18 U.S.C. § 3585 motion where the defendant did not exhaust his administrative remedies with the BOP).[1]

### III. Conclusion

For the reasons explained above, Williams's Motion (Doc. # 137, 63 respectively) are **DENIED WITHOUT PREJUDICE.**

**DONE** and **ORDERED** this June 13, 2022.

_____
**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE

---

[1] Regardless, Williams's 18 U.S.C. § 3585(b) argument fails because this court's sentencing order directed that Williams receive credit for his time served in state custody toward his federal sentence. (Doc. # 83 at 2 ("Pursuant to 18 U.S.C. § 3585(b), the defendant shall receive credit for prior custody since December 17, 2010 with respect to the sentence for Counts 1 and 3.")).